**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD SCHIFFER, | No. 15-35917 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05900-RBL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM [*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 8, 2019[**]

Before:     FARRIS, D. NELSON, and TALLMAN, Circuit Judges.

Edward Schiffer appeals the district court's order affirming the

Commissioner of Social Security's denial of his application for child's insurance

benefits, disability insurance benefits, and supplemental security income benefits

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Titles II and XVI of the Social Security Act.  At step five of the sequential evaluation process, the administrative law judge (ALJ) determined that Schiffer could perform jobs that exist in significant numbers in the national economy.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we vacate and remand.

The ALJ erred by failing to provide any reasons for not accepting some of the statements by lay witness Loraine Schiffer after assigning great weight to Loraine's statements.  *See Molina*, 674 F.3d at 1114 (explaining that the ALJ must give reasons that are germane to each witness to discount competent lay witness testimony).  Specifically, the ALJ failed to provide any reasons for not incorporating into Schiffer's residual functional capacity several limitations that were identified in Loraine's third party reports that addressed Schiffer's ability to maintain competitive employment.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (stating that the ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record.").  Accordingly, we vacate the district court's judgment and remand for further proceedings with an open record.

Schiffer's motion to take judicial notice (Docket Entry No. 26) is granted.

Appellee's motion for an extension of time to file a late response to Schiffer's motion to take judicial notice (Docket Entry No. 29) is granted.  The

15-35917

Clerk shall file Appellee's response to the motion to take judicial notice submitted on December 27, 2016.

**VACATED and REMANDED.**